UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESSE NEAL MOSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-0282-CVE-PJC |
| | ) |
| FIBER GLASS SYSTEMS, L.P., | ) |
| *previously named as* SMITH FIBERCAST, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is Defendant's Rule 12(c) Motion for Judgment on the Pleadings, Dkt. # 16. Defendant asks for judgment on plaintiff's claim for punitive damages under the Family and Medical Leave Act, 29 U.S.C. §§ 2601, et. seq. ("FMLA"). Plaintiff has not responded to the motion.

**I.**

Prior to April 2010, plaintiff was an employee of defendant in the Northern District of Oklahoma. Dkt. # 2 at 1. In March 2009, plaintiff went on medical leave after being diagnosed with Plantar Fascitiis and Forefoot Varus Acquired. Id. Plaintiff underwent surgery and was told by doctors that he could return to work on April 1, 2010. Id. However, on April 1, 2010, plaintiff telephoned defendant and stated that he was in too much pain to return to work. Id. Defendant informed plaintiff that he would need to submit another doctor's note excusing him from work. Id. Plaintiff was unable to secure the note from his doctor until April 13, 2010. Id. at 2. Plaintiff alleges that he was terminated by defendant in a letter dated April 7, 2010. Id. Plaintiff further

alleges that, although he was eligible for family medical leave under the FMLA, defendant failed to notify him of his right to leave or place him on leave. Id.

Plaintiff filed his complaint on May 9, 2011 alleging termination in violation of the FMLA. Id. The complaint requests compensatory damages in excess of $10,000, as well as punitive damages in excess of $10,000. Id. Defendant filed an answer to the complaint on June 28, 2011 denying the substantive allegations in the complaint. Dkt. # 6. Defendant then moved pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings as to plaintiff's claim for punitive damages.

## II.

"After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) is governed by the same standard of review applicable to a motion to dismiss under Fed.R.Civ.P. 12(b)(6). See Nelson v. State Farm Mut. Auto Ins. Co., 419 F.3d 1117, 1119 (10th Cir. 2005). Thus, a court must "accept all the well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the nonmoving party." Id. (internal quotation marks and citation omitted); Ramirez v. Dep't of Corr., State of Colo., 222 F.3d 1238, 1241 (10th Cir. 2000). To survive judgment, a "complaint must contain enough facts to state a claim to relief that is plausible on its face." Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir. 2007) (internal quotation marks and citation omitted). "Judgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" Park Univ. Enters., Inc. v. Am. Cas. Co., 442 F.3d

1239, 1244 (10th Cir. 2006) (quoting United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000)).

As noted above, plaintiff has not responded to the motion for judgment on the pleadings. Under LCvR 7.2(f), a court may deem an unopposed dispositive motion confessed if the party opposing the motion has not filed a response and the response is more than 14 days overdue. In this case, plaintiff's response to defendant's motion was due on August 5, 2011, and plaintiff has not filed a response. More than 14 days have passed since plaintiff's response was due and the motion for partial judgment on the pleadings is deemed confessed under LCvR 7.2(f). The Court has also independently reviewed the motion and finds that it should be granted.

### III.

Defendant asks the Court for judgment on plaintiff's claim for punitive damages because punitive damages are not recoverable under the FMLA. Dkt. # 16-1 at 1. The FMLA provides for damages equal to:

> (i) the amount of--
>> (I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or
>> (II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks (or 26 weeks, in a case involving leave under section 2612(a)(3) of this title) of wages or salary for the employee;
> (ii) the interest on the amount described in clause (I) calculated at the prevailing rate; and
> (iii) an additional amount as liquidated damages equal to the sum of the amount described in clause (i) and the interest described in clause (ii), except that if an employer who has violated section 2615 of this title proves to the satisfaction of the court that the act or omission which violated section 2615 of this

> title was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of section 2615 of this title, such court may, in the discretion of the court, reduce the amount of the liability to the amount and interest determined under clauses (i) and (ii), respectively . . . .

28 U.S.C. § 2617(a)(1)(A). Thus, while the FMLA specifically provides for various types of compensatory damages and liquidated damages, it does not include a provision for punitive damages. As such, courts have held that punitive damages are not recoverable under the FMLA. See Saavedra v. Lowe's Home Ctrs, Inc., 748 F. Supp. 2d 1273, 1297 (D.N.M. 2010) ("Because the FMLA specifies a number of forms of compensatory relief, all intended to make the plaintiff whole, punitive damages would be out of place in the statute's remedial scheme."); White v. Graceland Coll. Ctr. For Prof'l Dev. & Lifelong Learning, Inc., No. 07-CV-2319-CM, 2008 WL 4148602, at *3 (D. Kan. Sept. 4, 2008) (dismissing claim for punitive damages because they "are not among the remedies available under the FMLA"); Williamson v. Deluxe Fin. Servs., Inc., No. 03-CV-2538-KHV, 2005 WL 1593603, at *10 (D. Kan. July 6, 2005) (dismissing claim for punitive damages because the FMLA "limits recovery to actual monetary damages plus liquidated damages"). Thus, based on the statute, the relevant case law, and plaintiff's failure to respond to the motion, defendant is entitled to judgment on plaintiff's punitive damages claim.

**IT IS THEREFORE ORDERED** that Defendant's Rule 12(c) Motion for Judgment on the Pleadings (Dkt. # 16) is **granted**.

**DATED** this 19th day of September, 2011.

*Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT